**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| MICHAEL COTA, | Case No. 3:21-CV-00432-MMD-CLB |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]** |
| v. | [ECF No. 4] |
| KELLY ATKINSON, | |
| Defendant. | |

Before the Court is Plaintiff Michael Cota's ("Cota"), application to proceed *in forma pauperis* (ECF No. 4) and his *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Cota's *in forma pauperis* application, (ECF No. 4), be granted, and his complaint, (ECF No. 1-1), be dismissed, with prejudice.

I.    ***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Cota cannot pay the filing fee; therefore, the Court recommends that the application, (ECF No. 4), be granted.

## II.    SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must

offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

III.    **SCREENING OF COMPLAINT**

In his complaint, Cota sues Defendant Kelly Atkinson ("Atkinson") under 42 U.S.C. § 1983. (*See* ECF No. 1-1.)  Cota alleges that Atkinson "appears to take legal roles at [Cota's] former attorney's office" as "she accepted an e-filing from the Nevada Supreme Court that was not to go to her." (*Id.* at 3.) Cota claims, that Atkinson is a "rogue person [who] intercepted an official legal correspondence which she had no legal right to." (*Id.* at 5.) Cota asserts violations of his right to due process and equal protection. (*Id.* at 4-5.) Cota seeks $1,000,000 in monetary damages and "a complete criminal investigation into the situation." (*Id.* at 9.) Cota's contention seems to be that Atkinson, who appears to be an assistant of Cota's criminal attorney, signed a certificate of service for Cota's notice of appeal. (*See id.* at 13-14.)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1)

the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). "A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." *Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir. 2002). The plaintiff must show "an agreement or meeting of the minds to violate constitutional rights," and "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* (internal quotation marks omitted).

Cota claims Atkinson violated Cota's due process and equal protection rights because she signed a certificate of service for Cota's notice of appeal. Cota's allegations are wholly conclusory and do not constitute violations of due process or equal protection. Cota has failed to plead, with any specificity, his claim that Atkinson violated his due process rights. *See Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (To establish a violation of substantive due process, a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare). Nor has Cota presented a single factual allegation which would suggest that he was discriminated against. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.")

While allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers, a plaintiff must provide more than mere labels and

conclusions. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action is insufficient. *See Twombly*, 550 U.S. at 555. Cota's assertion that signing a certificate of service constitutes a violation of a federally-protected right is unavailing. However, even if the Court were to assume Cota articulated a violation of a federally-protected right, no claim could proceed against Atkinson because Atkinson is a private party. Cota does not allege that Atkinson was acting under the color of state law when his rights were violated or that Atkinson conspired or entered joint action with a state actor. Because Cota is suing a private party and does not assert that Atkinson acted under the color of state law, he cannot satisfy each of the required elements for relief under an § 1983 action.

Cota states no claim upon which relief may be granted, and therefore this action should be dismissed, with prejudice. Leave to amend is not appropriate because the deficiencies in Cota's complaint cannot be cured by amendment, making amendment futile. *See Cato*, 70 F.3d at 1106.

## IV. CONCLUSION

For the reasons articulated above, the Court recommends that Cota's application to proceed *in forma pauperis*, (ECF No. 4), be granted, and his complaint, (ECF No. 1-1), be dismissed, with prejudice.

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

## V.    RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Cota's application to proceed *in forma pauperis*, (ECF No. 4), be GRANTED;

IT IS FURTHER RECOMMENDED that the Clerk FILE the complaint, (ECF No. 1-1);

IT IS FURTHER RECOMMENDED that Cota's complaint, (ECF No. 1-1), be DISMISSED, WITH PREJUDICE; and,

IT IS FURTHER RECOMMENDED that this action be CLOSED, and judgment be entered accordingly.

DATED:  December 20, 2021  .

UNITED STATES MAGISTRATE JUDGE