UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL COTA, | Case No. 3:21-cv-00432-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| KELLY ATKINSON, | |
| Defendant. | |

**I.  SUMMARY**

*Pro se* Plaintiff Michael Cota, who is incarcerated at Ely State Prison ("ESP"), brings this action under 42 U.S.C. § 1983 against Defendant Kelly Atkinson, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1 ("Complaint"), 4 ("IFP Application").) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 5), recommending the Court grant Cota's IFP Application, file the Complaint, and dismiss the Complaint with prejudice. Cota filed an objection to the R&R. (ECF No. 6 ("Objection").) As further explained below, the Court will accept the R&R in full.

**II.  BACKGROUND**

Cota argues that Defendant violated his Fourteenth Amendment rights to due process and equal protection by interfering with his legal correspondence with his attorney. (ECF No. 1-1 at 4-5.) Cota alleges that Defendant is a "rogue person" who received filings from the Nevada Supreme Court which she was not authorized to receive. (*Id.* at 5.) Cota includes as an exhibit attached to the Complaint his notice of appeal in a criminal matter in state court, in which Defendant signed the certificate of service for the notice of appeal, issued by Cota's attorney. (ECF No. 1-1 at 14-15.)

Judge Baldwin recommends dismissal with prejudice because Defendant is not a

state actor for the purposes of § 1983. (ECF No. 5 at 4.) Cota objects, stating that the certificate of service indicates that Defendant signed for documents though she was not a listed person authorized to receive them. (ECF No. 6. at 1.) Cota further argues that Defendant is not a "private party" because a private party would not be intercepting his legal documents. (*Id.* at 3.)

**III.   LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Cota filed his Objection. (ECF No. 6 at 3.)

**IV.   DISCUSSION**

To state a claim under § 1983, a plaintiff must allege (1) their civil rights were violated (2) by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). These requirements come from the nature of the statute, which aims to protect individuals from "state actors" who are "using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (citation omitted). The Fourteenth Amendment and § 1983 do not protect individuals from "private conduct, 'however discriminatory or wrongful.'" *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)).

However, even private parties may be liable under § 1983 if they act "under color of state law." *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999). A person acts under the color of state law when they "exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 48. If the plaintiff wishes to bring a § 1983 suit against a private party, the court must decide whether the alleged civil rights violation is "fairly attributable to the [government]." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir.

1999). "But a private attorney, even an appointed attorney or public defender, 'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Deleo v. Rudin*, 382 F. Supp. 2d 1106, 1111 (D. Nev. 2004); *see also Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (finding that attorneys who are acting in the traditional role of representing a client are not state actors).

Cota argues that Defendant is a "rogue person," not a state government official or someone employed by the state. (ECF No. 1-1 at 5.) The Complaint therefore does not allege that she is a state actor and, for the purposes of § 1983, Defendant is a 'private party.' In order for Cota's Complaint to proceed against Defendant, he must allege facts that show that her actions are fairly attributable to the government. The Complaint does not so allege. Instead, it appears that Defendant works with Cota's attorney, and has assisted Cota's attorney in serving legal documents to the parties in his criminal case. These actions are not fairly attributable to the government, and appear to be in line with Cota's attorneys normal scope of representing Cota in his criminal case.

Because Cota has failed to allege that Defendant was a state actor or a private person who is otherwise acting under color of state law, he cannot bring a § 1983 lawsuit against Defendant. The allegations in the Complaint therefore fail to a state a claim upon which the Court can grant relief. Accordingly, the Court will dismiss the Complaint. As amendment could not cure the defect in Cota's Complaint, dismissal will be with prejudice and without leave to amend.

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Cota's objection (ECF No. 6) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled. The Court

accepts the Report and Recommendation in its entirety.

It is further ordered that Cota's application to proceed *in forma pauperis* (ECF No. 4) without having to prepay the full filing fee is granted. Cota is not required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of Michael Cota, #1206075, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

The Clerk of Court is directed to file the complaint (ECF No. 1-1).

It is further ordered that the complaint is dismissed with prejudice and without leave to amend.

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 27th Day of December 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE